UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

DARIN POOLE,                                              NOT FOR PUBLICATION

               Plaintiff,                    **MEMORANDUM & ORDER**
                                                          18-CV-443 (MKB)

     v.

NEW YORK CITY and NEW YORK CITY
POLICE DEPARTMENT,

               Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Darin Poole, proceeding *pro se*, filed the above-captioned action in the Southern District of New York on December 14, 2017, against Defendants New York City (the "City") and the New York City Police Department (the "NYPD"), pursuant to 42 U.S.C. § 1983. (Compl., Docket Entry No. 2.) On January 22, 2018, the Southern District of New York transferred the action to the Eastern District of New York. (Transfer Order, Docket Entry No. 3.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purposes of this Memorandum and Order. For the reasons set forth below, the Court dismisses the Complaint against both Defendants. The Court grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order.

### I. Background

      The Court assumes the truth of the factual allegations in the Complaint for the purposes of this Memorandum and Order. Plaintiff alleges that on November 4, 2016, NYPD police officers entered his family's residence in Brooklyn, New York, with a search warrant and sprayed his eyes with a fire extinguisher. (Compl. 4–5.) Although his name was not on the

warrant, Plaintiff was searched and given a desk appearance ticket to appear in court on December 14, 2016. (*Id.* at 4.) When Plaintiff appeared in court, his name was not on the docket, and a clerk told him that the District Attorney refused to prosecute him. (*Id.* at 4–5.) Plaintiff alleges that the NYPD "has targeted our home for the last [five] years and each time they destroyed personal property and found nothing." (*Id.* at 5.) Plaintiff seeks $50 million in damages "for the destruction of private and personal property," discrimination, and "the medical damage done to [his] eyes." (*Id.*)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

**b. Claim against the NYPD**

Plaintiff cannot sue the NYPD because it is an agency of the City. Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter, chap. 17 § 396. This provision "has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159–60 (2d Cir. 2008) (per curiam); *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."); *Morris v. N.Y.C. Police Dep't*, 59 F. App'x 421, 422 (2d Cir. 2003) (affirming dismissal of claims asserted against the NYPD due to non-suable-entity status); *Johnson v. Dobry,* 660 F. App'x 69, 72 (2d Cir. 2016) (citing N.Y. City Charter ch. 17, § 396, which states that actions must be brought against the City, not an agency). The Court therefore dismisses Plaintiff's claim against the NYPD.

**c. Plaintiff fails to state a section 1983 claim against the City**

Construing Plaintiff's allegations to "raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007), Plaintiff nevertheless fails to state a claim pursuant to section 1983.

Under section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged

deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted); *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

A municipality, like the City, can be liable under section 1983 only if a plaintiff can demonstrate "(1) an official [municipal] policy or custom that (2) cause[d] the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). In general, proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless a plaintiff can establish that the incident occurred pursuant to one of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates. *See Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 13–14 (2d Cir. 2015) (formal policy officially endorsed by the municipality); *Matusick*, 757 F.3d at 62 (widespread and persistent practice); *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 164 (2d Cir. 2014) (failure to train amounting to deliberate indifference); *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012) (policymaking official's "express" or "tacit" ratification of low-level employee's actions).

Plaintiff does not allege any unconstitutional policy or custom attributable to the City that would confer municipal liability. (*See* Compl.) Accordingly, the Court dismisses Plaintiff's Complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).

### d. Leave to amend

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order. Any amended complaint should identify the unconstitutional policy or custom that caused the alleged violation of Plaintiff's constitutional rights, and/or the individuals Plaintiff believes are responsible for the alleged deprivation of his constitutional rights. If Plaintiff does not know the names and badge numbers of the police officers, he may identify each of them as John/Jane Doe Police Officer #1, #2, and so forth, along with any physical description and place of employment, such as the Police Precinct, if known. Plaintiff must provide the date and location for all relevant events and a brief description of what each defendant did or failed to do in violation of Plaintiff's rights. The amended complaint must also include a description of the property that the police officers allegedly destroyed. An amended complaint completely replaces the original complaint filed in this action. Plaintiff must succinctly state, in the amended complaint, all of his claims against each of the defendants whom he believes directly violated his rights, and do so in accordance with the instructions noted above. The amended complaint must be captioned "Amended Complaint," and must bear the same docket number as this Memorandum and Order. Plaintiff can only proceed as to claims and property that belong to him and not to any other family member or other individual. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (holding that "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause . . . [but] must be litigating an interest personal to him" (citing *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997))).

### III. Conclusion

Accordingly, the Court dismisses the Complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff thirty (30) days from the date of this Memorandum and Order to file an amended complaint. If Plaintiff fails to timely file an amended complaint, the Court will enter judgment dismissing this action for the reasons set forth above. The Court stays all further proceedings for thirty (30) days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: June 25, 2018
　　　　Brooklyn, New York