UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

DARIN POOLE,

                      Plaintiff,

        v.

NEW YORK CITY and NEW YORK CITY
POLICE DEPARTMENT,

                      Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-443 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Darin Poole, proceeding *pro se*, filed the above-captioned action on December 14, 2017, in the Southern District of New York, against Defendants New York City (the "City") and the New York City Police Department (the "NYPD"), pursuant to 42 U.S.C. § 1983. (Compl., Docket Entry No. 2.) By Order dated January 22, 2018, the Southern District of New York transferred this action to the Eastern District of New York. (Transfer Order, Docket Entry No. 3.) By Memorandum and Order dated June 25, 2018, the Court granted Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismissed the Complaint against both Defendants with leave to file an amended complaint. (Mem. & Ord, Docket Entry No. 6.) On July 25, 2018, Plaintiff filed an Amended Complaint. (Am. Compl. Docket Entry No. 7.) For the reasons set forth below, the Court dismisses the Amended Complaint against the City and the NYPD, but allows the Amended Complaint to proceed as to the John Doe Defendants.

I. Background

The Court assumes the truth of the factual allegations in the Amended Complaint for the purposes of this Memorandum and Order.

Plaintiff alleges that on November 4, 2016, while NYPD police officers executed a search warrant at his family's residence in Brooklyn, New York, John Doe #1 sprayed his eyes with a fire extinguisher. (Am. Compl. 1–2.) Plaintiff also alleges that Sergeant John Doe #2 handcuffed him and Police Officer John Doe #3 searched him and gave him a desk appearance ticket to appear in court on December 14, 2016. (*Id*. at 2.) When Plaintiff appeared in court, his name was not on the docket, and a clerk told him that the District Attorney refused to prosecute him. (*Id.*) Plaintiff seeks $50 million in damages for the destruction of personal property, discrimination, and "the medical damage done to [his] eyes." (*Id.* at 3–4.)

II. Discussion

a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after

*Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Claim against the NYPD

Plaintiff cannot sue the NYPD because it is an agency of the City. Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter, chap. 17 § 396. This provision "has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159–60 (2d Cir. 2008) (per curiam); *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."); *Morris v. N.Y.C. Police Dep't*, 59 F. App'x 421, 422 (2d Cir. 2003) (affirming dismissal of claims asserted against the NYPD due to non-suable-entity status); *Johnson v. Dobry,* 660 F. App'x 69, 72 (2d Cir. 2016) (citing N.Y. City Charter ch. 17, § 396, which states that actions must be brought against the City, not an agency). The Court therefore dismisses Plaintiff's claim against the NYPD.

### c. Plaintiff fails to state a section 1983 claim against the City

Construing Plaintiff's allegations to "raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007), Plaintiff nevertheless fails to state a claim pursuant to section 1983.

A municipality, like the City of New York, can be liable under section 1983 only if a

3

plaintiff can demonstrate "(1) an official [municipal] policy or custom that (2) cause[d] the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007). A plaintiff can establish an official policy or custom by showing any of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates. *See Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 13–14 (2d Cir. 2015) (formal policy officially endorsed by the municipality); *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 62 (2d Cir. 2014) (widespread and persistent practice); *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 164 (2d Cir. 2014) (failure to train amounting to deliberate indifference); *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012) (policymaking official's "express" or "tacit" ratification of low-level employee's actions).

In the Amended Complaint, Plaintiff does not allege any unconstitutional policy or custom attributable to the City that would confer municipal liability. (*See generally* Am. Compl.) Accordingly, the Court dismisses Plaintiff's Amended Complaint against the City of New York for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**d. John Does # 1, 2 and 3**

Although Plaintiff brings claims against NYPD and the City, Plaintiff's description of the facts in support of his claim focuses on the conduct of Police Officers John Doe #1 and 3 and Sergeant John Doe #2. (Am. Compl. 1–4, Docket Entry No. 7.) In light of Plaintiff's *pro se* status, the Court construes Plaintiff's allegations as asserting claims against Police Officers John Doe #1 and 3 and Sergeant John Doe #2.

## III. Conclusion

Accordingly, the Court dismisses the Amended Complaint against the NYPD as a non-suable entity and the City for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court directs the Clerk of Court to amend the caption to include only Police Officers John Doe #1 and 3 and Sergeant John Doe #2 as Defendants. Service of process shall be stayed until the United Marshals Service is provided with the identifying information and service addresses for the John Doe Defendants.

The Court directs the Corporation Counsel for the City of New York in accordance with *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), to ascertain the full names of the individuals alleged to be Police Officer John Doe #1 and 3 and Sergeant John Doe #2, and provide the address where these individuals can be currently served within forty-five (45) days from the date of this Memorandum and Order. Once the officers have been identified and their service address provided, Plaintiff's Amended Complaint shall be deemed amended to reflect the full names of these individuals as defendants, summonses shall be issued, and service shall be ordered without prepayment of fees.

The Clerk of Court shall serve this Memorandum and Order, the Complaint, and the Amended Complaint on the Corporation Counsel for the City of New York, Federal Civil

Litigation Division, and this Memorandum and Order on Plaintiff. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: October 4, 2018
 Brooklyn, New York