18-CV-0443 (MKB) (RER)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DARIN POOLE,

Plaintiff,

-against-

DETECTIVE JASON HAWKINS, SERGEANT
ALEXANDRU ANGHEL, DETECTIVE KELLY
BROWN, DETECTIVE RENE CASTELLANO,
DETECTIVE THOMAS CHIUSANO,
DETECTIVE JAMAR GODDARD, GARRET
GORHAM, DETECTIVE DANIEL MOLINSKI,
DETECTIVE JORGE MOREL, OFFICER JAMES
SEDER, AND DETECTIVE MICHAEL SEIGER,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants Hawkins, Anghel,*
*Brown, Castellano, Chiusano, Goddard,*
*Gorham, Molinski, Morel, Seder, and Seiger*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Nicolette Pellegrino*
*Tel: (212) 356-2338*
*Matter No. 2018-078733*

*January 17, 2020*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...........................................................................................iv

PRELIMINARY STATEMENT .....................................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ......................................2

STANDARD OF REVIEW.............................................................................................5

ARGUMENT

      POINT I

            PLAINTIFF'S DEPRIVATION OF PROPERTY
            CLAIMS FAIL BECAUSE PLAINTIFF DOES
            NOT HAVE STANDING TO BRING
            DEPRIVATION OF PROPERTY CLAIMS, THE
            DEPRIVATION OF PROPERTY CLAIMS ARE
            BARRED BECAUSE NEW YORK STATE
            PROVIDES A MEANINGFUL POST
            DEPRIVATION REMEDY, AND PLAINTIFF
            FAILS TO STATE A PLAUSIBLE
            DEPRIVATION OF PROPERTY CLAIM .................................................7

            A.  The Deprivation of Property Claims Should be
                Dismissed because Plaintiff Does Not Have
                Standing to Bring Deprivation of Property
                Claims.............................................................................7

            B.  Plaintiff's Deprivation of Property Claims are
                Barred because New York State Provides a
                Meaningful Post Deprivation Remedy .............................................8

      POINT II

            PLAINTIFF FAILED TO PLEAD THE
            REQUISITE ELEMENTS OF A
            DISCRIMINATION CLAIM .................................................................10

**Page**

POINT III

  PLAINTIFF'S DEFAMATION OF CHARACTER
CLAIM, AND ANY OTHER PURPORTED
STATE LAW CLAIMS, FAIL BECAUSE
PLAINTIFF FAILED TO SATISFY THE
REQUISITE STATE LAW REQUIREMENTS ....................................... 11

POINT IV

  PLAINTIFF'S UNLAWFUL SEARCH CLAIM
FAILS BECAUSE PLAINTIFF DID NOT HAVE
A REASONABLE EXPECTATION OF PRIVACY
IN THE RESIDENCE SEARCHED AND THE
SEARCH WAS LAWFULLY CONDUCTED
PURSUANT TO A SEARCH WARRANT ............................................. 12

  A. Plaintiff's Unlawful Search Claim Fails
because Plaintiff Did Not Have a Reasonable
Expectation of Privacy in the Residence
Searched ................................................................................ 12

  B. Plaintiff's Unlawful Search Claim Fails
because the Search was Lawfully Conducted
Pursuant to a Search Warrant ............................................... 13

POINT V

  PLAINTIFF'S FALSE ARREST CLAIM FAILS
BECAUSE PLAINTIFF PLED GUILTY ................................................. 14

POINT VI

  PLAINTIFF'S MALICIOUS PROSECUTION
CLAIM FAILS BECAUSE PLAINTIFF HAS NOT
PLED THAT THERE WAS NO PROBABLE
CAUSE TO PROSECUTE PLAINTIFF, THE
CRIMINAL CHARGES AGAINST PLAINTIFF
WERE NOT TERMINATED IN HIS FAVOR,
AND PLAINTIFF HAS NOT PLED THAT AN
OFFICER PROSECUTED PLAINTIFF WITH
MALICE. ............................................................................................. 16

**Page**

A.   Plaintiff's Malicious Prosecution Claim Should be Dismissed Because Plaintiff Has Not Alleged a Lack of Probable Cause to Prosecute Plaintiff......................................................................16

B.   Plaintiff's Malicious Prosecution Claim Should be Dismissed Because the Criminal Charges Against Plaintiff Were Not Terminated in Plaintiff's Favor..................................................................17

C.   Plaintiff's Malicious Prosecution Claim Should be Dismissed Because Plaintiff Failed to Plead that the Officers Prosecuted Plaintiff with Malice.........................................................................18

CONCLUSION..................................................................20

# TABLE OF AUTHORITIES

**Cases**                                                                  **Pages**

In re Aluminum Warehousing Antitrust Litig.,
    833 F.3d 151 (2d Cir. 2016) ........................................................................5

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ...................................................................................5

Bd. of Regents v. Roth,
    408 U.S. 564 (1972) ...................................................................................7

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ...................................................................................5

Belton v. City of New York,
    No. 05-CV-2937 (DGT), 2005 U.S. Dist. LEXIS 49445
    (E.D.N.Y. Aug. 31, 2005) ...........................................................................8

Broughton v. State,
    37 N.Y.2d 451 (1975) ...............................................................................14

Brown v. New York,
    459 N.Y.S.2d 589 (1st Dep't 1983) ...........................................................17

Butler v. Castro,
    896 F.2d 698 (2d Cir. 1990) ..................................................................9, 10

Chen v. City Univ. of New York,
    11 Civ. 0320 (CM), 2011 U.S. Dist. LEXIS 130094
    (S.D.N.Y. Nov. 9, 2011) ............................................................................11

Davis v. Abrams,
    No. 13-CV-1405 (ARR), 2014 U.S. Dist. LEXIS 8742
    (E.D.N.Y. Jan. 23, 2014) ...........................................................................13

Dove v. City of New York,
    No. 99 Civ. 3020 (DC), 2000 U.S. Dist LEXIS 4053
    (S.D.N.Y. Mar. 30, 2000) ..........................................................................10

In re Elevator Antitrust Litig.,
    502 F.3d 47 (2d Cir. 2007) ..........................................................................5

Fertig v. HRA Med. Assistance Program,
    10 Civ. 8191 (RPP), 2011 U.S. Dist. LEXIS 48789
    (S.D.N.Y. May 6, 2011) ...........................................................................5-6

**Cases**                                                                                                    **Pages**

Fleming v. Mattingly,
    No. 08-CV-3074 (ARR), 2012 U.S. Dist. LEXIS 100596
    (E.D.N.Y. July 6, 2012) ................................................................................ 13-14

Franco v. Kelly,
    854 F.2d 584 (2d Cir. 1988) ............................................................................. 9

Franks v. Delaware,
    438 U.S. 154 (1978) ........................................................................................ 14

Freedom Holdings, Inc. v. Spitzer,
    357 F.3d 205 (2d Cir. 2004) ........................................................................... 11

Gill v. City of New York,
    No. 15-CV-5513 (ARR), 2017 U.S. Dist. LEXIS 42383
    (E.D.N.Y. Mar. 23, 2017) ................................................................................. 8

Hayes v. County of Sullivan,
    853 F. Supp. 2d 400 (S.D.N.Y. 2012) ............................................................ 15

Johnson v. Constantellis,
    221 Fed. Appx. 48 (2d Cir. 2007) ................................................................... 17

Kinzer v. Jackson,
    316 F.3d 139 (2d Cir. 2003) ........................................................................... 16

Kramer v. Time Warner Inc.,
    937 F.2d 767 (2d Cir. 1991) ............................................................................. 6

Kyllo v. United States,
    533 U.S. 27 (2001) .......................................................................................... 14

Lanning v. City of Glens Falls,
    908 F.3d 25 (2d Cir. 2018) ........................................................................ 17, 18

Lopez v. N.Y.C. Dep't of Corr.,
    No. 18-CV-3605 (MKB), 2019 U.S. Dist. LEXIS 100889
    (E.D.N.Y. June 17, 2019) ................................................................................. 9

Lowth v. Town of Cheektowaga,
    82 F.3d 563 (2d Cir. 1996) ............................................................................. 18

Manganiello v. City of New York,
    612 F.3d 149 (2d Cir. 2010) ........................................................................... 16

**Cases**                                                                 **Pages**

McEachin v. McGuinnis,
   357 F.3d 197 (2d Cir. 2004) .................................................................. 5

McLennon v. City of New York,
   171 F. Supp. 3d 69 (E.D.N.Y. 2016) .................................................. 15

Minnesota v. Carter,
   525 U.S. 83 (1998) .......................................................................... 12, 13

Mitchell v. City of New York,
   841 F.3d 72 (2d Cir. 2016) ................................................................ 19

Mitchell v. County of Nassau,
   786 F. Supp. 2d 545 (E.D.N.Y. 2011) .............................................. 19

Monroe v. Myskowsky,
   No. 12 Civ. 5513 (KPF), 2014 U.S. Dist. LEXIS 14933
   (S.D.N.Y. Feb. 6, 2014) ...................................................................... 6

Moore v. Toulon,
   No. 18-CV-05276 (JMA), 2019 U.S. Dist. LEXIS 30389
   (E.D.N.Y. Feb. 22, 2019) .................................................................. 11

Morello v. James,
   810 F.2d 344 (2d Cir. 1987) ................................................................ 9

Murray v. New York City Dep't of Corr.,
   No. 13 CV 7090 (KAM), 2016 U.S. Dist. LEXIS 110982
   (E.D.N.Y. Aug. 18, 2016) ............................................................... 9, 10

Omor v. City of New York,
   13-CV-2439, 2015 U.S. Dist. LEXIS 24135, 2015 WL 857587
   (S.D.N.Y. Feb. 27, 2015) ............................................................... 9, 10

Parratt v. Taylor,
   451 U.S. 527 (1981),
   *overruled on other grounds by* Daniels v. Williams,
   474 U.S. 327 (1986) ........................................................................... 8

Rakas v. Illinois,
   439 U.S. 128 (1978) ......................................................................... 12

Riddick v. Semple,
   731 Fed. Appx. 11 (2d Cir. 2018) ....................................................... 8

**Cases**                                                                                            **Pages**

Roberts v. Babkiewicz,
    582 F.3d 418 (2d Cir. 2009) ................................................................................. 6

Roundtree v. New York,
    778 F. Supp 614 (E.D.N.Y. 1991) .......................................................................... 15

Rounsville v. Zahl,
    13 F.3d 625 (2d Cir. 1994) ................................................................................... 16

Rush v. Astacio,
    No. 97-2661, 1998 U.S. App. LEXIS 18588 (2d Cir. July 31, 1998) .............................. 14-15

Santos v. Raymond,
    No. 84 Civ. 8230 (CSH), 1986 U.S. Dist. LEXIS 26337, 1986 WL 4909
    (S.D.N.Y. Apr. 24, 1986) ...................................................................................... 8

Savino v. City of New York,
    331 F.3d 63 (2d Cir. 2003) ................................................................................... 16

Schwasnick v. Fields,
    No. 08-CV-4759(JS), 2010 U.S. Dist. LEXIS 65958
    (E.D.N.Y. June 30, 2010) ..................................................................................... 7

Singer v. Fulton Cnty. Sheriff,
    63 F.3d 110 (2d Cir. 1995) ................................................................................... 14

Singleton v. City of New York,
    632 F.2d 185 (2d Cir. 1980) ............................................................................. 17, 18

Smith v. O'Connor,
    901 F. Supp. 644 (S.D.N.Y. 1995) ......................................................................... 9

Snoussi v. Bivona,
    No. 05 CV 3133 (RJD) (LB), 2008 U.S. Dist. LEXIS 70682
    (E.D.N.Y. Aug. 21, 2008) ..................................................................................... 9

Soliman v. City of New York,
    15-CV-5310 (PKC) (RER), 2017 U.S. Dist. LEXIS 50599
    (E.D.N.Y. March 31, 2017) ................................................................................... 15

Spagnola v. Chubb Corp.,
    574 F.3d 64 (2d Cir. 2009) ................................................................................... 5

Stora v. City of New York,
    No. 16-CV-4541 (ERK), 2019 WL 1746955, 2019 U.S. Dist. LEXIS 66638
    (E.D.N.Y. Apr. 18, 2019) ................................................................................. 17, 18

**Cases**                                                                      **Pages**

Sulkowska v. City of New York,
    129 F. Supp. 2d 274 (S.D.N.Y. 2001) ......................................................... 18

Tretola v. County of Nassau,
    14 F. Supp. 3d 58 (E.D.N.Y. 2014) ............................................................ 15

United States v. Fields,
    113 F.3d 313 (2d Cir. 1997) ........................................................................ 12

United States v. Perez,
    247 F. Supp. 2d 459 (S.D.N.Y. 2003) ........................................................ 14

United States v. Russell,
    501 F. App'x 67 (2d Cir. 2012) .................................................................. 13

Valentin v. Dinkins,
    121 F.3d 72 (2d Cir. 1997) .......................................................................... 3

Weaver v. City of New York,
    No. 09-CV-10262 (PKC), 2011 U.S. Dist. LEXIS 121322
    (S.D.N.Y. Oct. 18, 2011) ............................................................................ 18

Weyant v. Okst,
    101 F.3d 845 (2d Cir. 1996) .................................................................. 14, 15

Wilson v. McMullen,
    07-CV-948 (SLT), 2010 U.S. Dist. LEXIS 32335
    (E.D.N.Y. Mar 30, 2010) ............................................................................ 18

**Statutes**

42 U.S.C. § 1983 ................................................................. 1, 7, 8, 9, 10, 14, 16

Fed. R. Civ. P. 12(b)(6) ............................................................................... 1, 5

Fed. R. Evid. 201 .......................................................................................... 6

Local Civil Rule 7.2 ...................................................................................... 6

N.Y. Gen. Mun. Law, § 50-i(1) ................................................................... 11

## **PRELIMINARY STATEMENT**

Plaintiff Darin Poole ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 and alleges, *inter alia*, that New York City Police Department ("NYPD") Sergeant Alexandru Anghel, NYPD Detective Kelly Brown, NYPD Detective Rene Castellano, NYPD Detective Thomas Chiusano, NYPD Detective Jamar Goddard, Mr. Garret Gorham, NYPD Detective Jason Hawkins, NYPD Detective Daniel Molinski, NYPD Detective Jorge Morel, NYPD Detective James Seder, and NYPD Detective Michael Seiger (collectively, "Defendants") violated his civil rights. Liberally construed, Plaintiff alleges federal deprivation of property claims pursuant to the Due Process Clause against all of the Defendants. In addition, Plaintiff alleges federal claims of discrimination pursuant to the Equal Protection Clause ("EPC") and excessive force, and a state law defamation of character claim, against Det. Brown. Finally, it is unclear whether Plaintiff intends to plead federal claims of unlawful search, false arrest, and malicious prosecution but they could potentially be read into the pleadings and so, out of an abundance of caution, Defendants will address those claims as well.

Defendants respectfully submit this Memorandum of Law in support of their partial motion to dismiss all of the Plaintiff's claims, except for Plaintiff's federal excessive force claim against Det. Brown,[1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil

---

[1] At this time, Defendants are not moving to dismiss Plaintiff's excessive force claim. Of note, in its December 6, 2019 Pre-Motion Conference Letter, the Defendants informed the Court and Plaintiff that although Corporation Counsel identified Det. Brown as the Animal Control officer in its January 10, 2019 Letter and noted that the Animal Control officer would be equipped with a fire extinguisher, after additional investigation into this incident, it appears that two other officers possibly could have been equipped with a fire extinguisher on November 4, 2017. (See Dkt. No. 33.) In addition, the Defendants requested that Plaintiff be directed to provide details concerning the physical characteristics of the "John Doe" officer who allegedly sprayed Plaintiff in order to correctly identify the proper "John Doe" officer. See id. As of January 17, 2020, Plaintiff has not provided any additional details concerning the "John Doe" officer. Notwithstanding, as argued herein, all of the Plaintiff's claims should be dismissed except for the

Procedure on the grounds that: (a) Plaintiff's deprivation of property claims fail because Plaintiff does not have standing to bring the deprivation of property claims, the deprivation of property claims are barred because New York state provides a meaningful post deprivation remedy, and Plaintiff fails to state a plausible deprivation of property claim; (b) Plaintiff failed to plead the requisite elements of a discrimination claim; (c) Plaintiff's state law defamation of character claim, and any other purported state law claims, fail because Plaintiff failed to satisfy the requisite state law requirements; (d) to the extent Plaintiff alleges an unlawful search claim, the claim fails because Plaintiff did not have a reasonable expectation of privacy in the residence searched and the search was lawfully conducted pursuant to a search warrant; (e) to the extent Plaintiff alleges a false arrest claim, the claim fails because Plaintiff pled guilty; and (f) to the extent Plaintiff alleges a malicious prosecution claim, the claim fails because Plaintiff has not alleged a lack of probable cause to prosecute Plaintiff, the criminal charges against Plaintiff were not terminated in his favor, and Plaintiff has not pled that an officer prosecuted Plaintiff with malice.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff initiated the instant action on December 14, 2017, by filing a complaint (the "First Complaint"). (See Dkt. No. 2.) On June 25, 2018, the Court *sua sponte* dismissed the First Complaint for failure to state a claim, and granted Plaintiff thirty days to file an amended complaint. (See Dkt. No. 6.) On July 25, 2018, Plaintiff amended the Complaint, alleging constitutional violations against Police Officer John Does #1 and 3 and Sergeant John Doe #2. (See Dkt. No. 7, "the Complaint.")

---

federal excessive force claim. Thus, this case should only proceed against one defendant (*i.e.*, the defendant who allegedly used excessive force).

On October 4, 2018, the Court directed the Office of the Corporation Counsel ("Corporation Counsel") to identify "the individuals alleged to be Police Officer John Doe #1 and 3 and Sergeant John Doe #2," pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997). (Dkt. No. 8, p. 5, "Valentin Order".) On January 10, 2019, Corporation Counsel responded to the Valentin Order, identifying eleven NYPD Officers who, upon information and belief, were present during the execution of the search warrant on November 4, 2017. (See Dkt. No. 15.) In addition, Corporation Counsel specified that, upon information and belief, two of the eleven NYPD officers matched Plaintiff's vague descriptions and noted that Corporation Counsel was unable to identify who Plaintiff purported to name as "John Doe #3" without additional information and details from Plaintiff and requested that Plaintiff provide a more definite statement. (Id. at pp. 3-4.)

On January 28, 2019, the Court directed Plaintiff to contact the City Bar Justice Center for assistance with providing a more definite statement. (See Jan. 28, 2019 Dkt. Entry.) On February 25, 2019, Plaintiff submitted a "more definite statement." ("Plaintiff's Letter," Dkt. No. 16.) Plaintiff's Letter provides a more definite statement concerning the date of incident, re-alleges the allegations set forth in the Complaint and, specifically, names only Det. Kelly Brown as a defendant. (See Dkt. No. 16.)

On November 4, 2019, the Court clarified that both Docket Numbers 7 (the Complaint) and 16 (Plaintiff's Letter) are the governing pleadings and, thus, the Defendants should "file a single response to both 7 and 16." (See Nov. 4, 2019 Dkt. Entry.)

Plaintiff alleges that on November 4, 2017, the police entered his "family's residence" at 413 Miller Avenue pursuant to a search warrant. (See Compl. at p. 1; see also Pl. Letter at pp. 1-2.) Next, Plaintiff alleges that once the "NYPD entered," Plaintiff was assaulted

when Det. Brown "sprayed" Plaintiff "from [Plaintiff's] head to the bottom of [his] body" with a fire extinguisher. (See Compl. at p. 1; see also Pl. Letter at pp. 2, 3.) Plaintiff claims that this caused "damage to [his] eyes," resulting in Plaintiff's alleged loss of vision. (See Compl. at p. 4; see also Pl. Letter at pp. 2, 3.) Plaintiff also alleges that he was discriminated against because he was the only individual "assaulted with the fire extinguisher." (Compl. at pp. 2, 3.)

After Plaintiff was allegedly "sprayed," Plaintiff recalls being handcuffed "by a supervisor" and later "searched by another officer at the" precinct, resulting in "negative" findings. (See id. at p. 2.; see also Nov. 4, 2017 Arrest Report, annexed to Decl. of Nicolette Pellegrino, hereinafter "Exhibit A.")) Plaintiff was then given a desk appearance ticket to appear in court on December 14, 2017. (See Compl. at p. 2.)

Plaintiff alleges that when he appeared in Court, his "name was not on the docket" and was "told by the clerk that the [District Attorney] refuse[d] to prosecute" him. (See id. at p. 2.) However, on February 28, 2018, Plaintiff pled guilty to a charge related to Plaintiff's November 4, 2017 arrest. (See Certificate of Disposition, annexed to Decl. of Nicolette Pellegrino, hereinafter "Exhibit B.")

Plaintiff states that he is "suing … people involved in the destruction of [his] family['s] property." (Pl. Letter at pp. 2-3.) Specifically, Plaintiff alleges: (a) damage to his "D.J. equipment," valuing over $200,000.00; (b) damage to over $150,000.00 in "records and CD's"; (c) $16,000.00 in "cash taken from a strong box"; (d) that his "bedroom set" was "demolished during the search"; and (e) three broken doors. (See Compl. at pp. 3-4.) In addition, Plaintiff states that he is also "suing" for "defamation of character." (Pl. Letter at p. 3.) Plaintiff does not provide any details concerning how his character was allegedly defamed. (See Compl.; see also Pl. Letter.)

4

Of note, Plaintiff does not name any individual defendant in either governing pleading except for Det. Brown. (See Compl.; see also Pl. Letter.)

### STANDARD OF REVIEW

A pleading may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In considering a motion to dismiss, a district court must "accept as true all factual claims in the complaint, and draw all reasonable inferences in the plaintiff['s] favor." In re Aluminum Warehousing Antitrust Litig., 833 F.3d 151, 157 (2d Cir. 2016). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. A party's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations and citations omitted); see also In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) ("While [Twombly] does not require heightened fact pleading of specifics, it does require enough facts to nudge plaintiff's claims across the line from conceivable to plausible."). A court should therefore dismiss a complaint when it appears that a plaintiff has failed to plead a plausible claim of relief. See Spagnola v. Chubb Corp., 574 F.3d 64, 67 (2d Cir. 2009).

Furthermore, "when the plaintiff proceeds *pro se* . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citation omitted). Nevertheless, "a *pro se* litigant [is] bound by the same rules of law . . . as those [litigants] represented by counsel." Fertig v.

HRA Med. Assistance Program, 10 Civ. 8191 (RPP), 2011 U.S. Dist. LEXIS 48789, at *4 (S.D.N.Y. May 6, 2011) (quotations and citation omitted).[2]

In deciding a motion to dismiss, courts may consider "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009); see also Monroe v. Myskowsky, No. 12 Civ. 5513 (KPF), 2014 U.S. Dist. LEXIS 14933, at *2 n.3 (S.D.N.Y. Feb. 6, 2014) (the Court may consider matters of which judicial notice may be taken under Fed. R. Evid. 201, including public records such as arrest reports, indictments, and criminal disposition data) (citing Kramer v. Time Warner Inc., 937 F.2d 767, 773-75 (2d Cir. 1991)).

Here, relying on Plaintiff's allegations in the governing pleadings and those matters for which the Court can take judicial notice, all of the Plaintiff's claims against the Defendants, except for Plaintiff's excessive force claim against Det. Brown, must be dismissed, with prejudice, for the reasons set forth below.

---

[2] Pursuant to Local Civil Rule 7.2, Defendants provided Plaintiff copies of all decisions cited herein which are unreported or reported exclusively on computerized databases.

## ARGUMENT

### POINT I

**PLAINTIFF'S DEPRIVATION OF PROPERTY CLAIMS FAIL BECAUSE PLAINTIFF DOES NOT HAVE STANDING TO BRING DEPRIVATION OF PROPERTY CLAIMS, THE DEPRIVATION OF PROPERTY CLAIMS ARE BARRED BECAUSE NEW YORK STATE PROVIDES A MEANINGFUL POST DEPRIVATION REMEDY, AND PLAINTIFF FAILS TO STATE A PLAUSIBLE DEPRIVATION OF PROPERTY CLAIM.**

Liberally construed, Plaintiff lodges his deprivation of property claim pursuant to the Due Process Clause of the Fourteenth Amendment against all of the Defendants. However, for the reasons set forth below, Plaintiff's deprivation of property claims fail and, thus, the deprivation of property claims and all of the Defendants, except for Det. Brown, should be dismissed from this action.

**A.    The Deprivation of Property Claims Should be Dismissed because Plaintiff Does Not Have Standing to Bring Deprivation of Property Claims.**

As an initial matter, Plaintiff does not have standing to bring property damage claims because Plaintiff did not have a property interest in 413 Miller Avenue.

To establish a due process claim, a plaintiff "must demonstrate a valid property interest within the meaning of the Fourteenth Amendment." Schwasnick v. Fields, No. 08-CV-4759(JS), 2010 U.S. Dist. LEXIS 65958, at *15-16 (E.D.N.Y. June 30, 2010) (citations omitted). "In other words, the plaintiff must show a 'legitimate claim of entitlement.'" Id. (citing Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972)). "State law determines whether such an entitlement exists." Id. "Therefore, plaintiffs' ability to bring a claim under Section 1983 for police action damaging their apartment turns on whether they had a legitimate property claim as of the date the

7

damage occurred." Gill v. City of New York, No. 15-CV-5513 (ARR), 2017 U.S. Dist. LEXIS

42383, at *13 (E.D.N.Y. Mar. 23, 2017).

Here, Plaintiff stated that he is "suing … people involved in the destruction of

[his] family['s] property." (Pl. Letter at pp. 2-3.) Thus, to the extent that the alleged damaged

property belonged to Plaintiff's family, Plaintiff does not have an interest in the alleged damaged

property. Accordingly, Plaintiff's deprivation of property claims fail because Plaintiff does not

have standing to bring a deprivation of property claim.

**B.      Plaintiff's Deprivation of Property Claims are Barred because New York State Provides a Meaningful Post Deprivation Remedy.**

Even if Plaintiff does have a property interest in the alleged damaged or stolen

property, Plaintiff's deprivation of property claims fail because, upon information and belief,

Plaintiff has not satisfied the requisite state law procedure.

When a state employee deprives a person of property, whether by stealing or

damaging an individual's property, no action lies under § 1983 if the state provides a post-

deprivation remedy under state law. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled*

*on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986); see also Riddick v. Semple, 731

Fed. Appx. 11, 13 (2d Cir. 2018) ("A prisoner's due process rights are not violated by the

unauthorized destruction or damage of property by the state, if 'the state makes available a

meaningful post deprivation remedy.'"") (citations omitted); Belton v. City of New York, No.

05-CV-2937 (DGT), 2005 U.S. Dist. LEXIS 49445, at *5 (E.D.N.Y. Aug. 31, 2005) (citing

Santos v. Raymond, No. 84 Civ. 8230 (CSH), 1986 U.S. Dist. LEXIS 26337, 1986 WL 4909, at

*2 (S.D.N.Y. Apr. 24, 1986) (dismissing § 1983 claim against police for alleged theft of property

"where there exists an adequate remedy in state court law")). "[A] claim for deprivation of

property cannot lie in federal court if the state courts provide an adequate remedy for the

8

deprivation of that property." Smith v. O'Connor, 901 F. Supp. 644, 647 (S.D.N.Y. 1995) (citing Franco v. Kelly, 854 F.2d 584, 588 (2d Cir. 1988)). A plaintiff's failure to avail himself of state remedies will not afford him a constitutional due process claim. See id.; Lopez v. N.Y.C. Dep't of Corr., No. 18-CV-3605 (MKB), 2019 U.S. Dist. LEXIS 100889, at *28 (E.D.N.Y. June 17, 2019) (citing Omor v. City of New York, 13-CV-2439, 2015 U.S. Dist. LEXIS 24135, 2015 WL 857587, at *8 (S.D.N.Y. Feb. 27, 2015) (finding that deprivation of personal property claims are "barred where the state provides a meaningful post-deprivation remedy under state law")). Indeed, Section 1983 should "not be made a vehicle for transforming mere civil tort claims into constitutional injuries." Morello v. James, 810 F.2d 344, 347 (2d Cir. 1987).

Even a *pro se* plaintiff's claim against the City and its employees should be dismissed where he "does not allege that he availed himself of his state remedies by filing a claim in the New York Court of Claims." Murray v. New York City Dep't of Corr., No. 13 CV 7090 (KAM), 2016 U.S. Dist. LEXIS 110982, at *37 (E.D.N.Y. Aug. 18, 2016) (dismissing a *pro se* plaintiff's personal property claim in federal court against the City and its employees where he did "not allege that he availed himself of his state remedies by filing a claim in the New York Court of Claims"); Snoussi v. Bivona, No. 05 CV 3133 (RJD) (LB), 2008 U.S. Dist. LEXIS 70682, at *27 (E.D.N.Y. Aug. 21, 2008) (dismissing a *pro se* Plaintiff's purported due process claim for alleged damaged and destroyed property because the Federal Tort Claims Act "provides a statutory procedure that could properly remedy the alleged deprivation of property").

The Second Circuit has explained that post-deprivation remedies are adequate for alleged due process violations where the deprivation of property itself is the result of "random and unauthorized" acts of a state actor. Butler v. Castro, 896 F.2d 698, 700 (2d Cir. 1990). A § 1983 action is only appropriate where the deprivation is caused by "the operation of established

state procedures." Id. Thus, where a deprivation of property occurs due to "random and unauthorized" actions of a state actor, and there are available post-deprivation state remedies, no action pursuant to the Fourteenth Amendment can lie under § 1983.[3]

Here, Plaintiff alleges that on November 4, 2017, property was "taken" and damaged. (See Compl. at pp. 3-4; see also Pl. Letter at pp. 2-3.) Of note, Plaintiff does not allege that he availed himself of the state remedies by filing a claim in the New York Court of Claims. See Murray, 2016 U.S. Dist. LEXIS 110982, at *37; Dove, 2000 U.S. Dist LEXIS 4053 at *1 (holding that common law causes of action for conversion and replevin are sufficient avenues to recover lost property). Additionally, Plaintiff does not allege that the Defendants' actions were "the operation of established state procedures." See Butler, 896 F.2d at 700. Thus, Plaintiff alleges that the Defendants' actions were "random and unauthorized" acts of state actors. Accordingly, Plaintiff's deprivation of property claims cannot lie under § 1983 and should be dismissed because the deprivation of property claims are "barred where the state provides a meaningful post-deprivation remedy under state law." See Omor, 2015 U.S. Dist. LEXIS 24135, 2015 WL 857587, at *8.

## POINT II

### PLAINTIFF FAILED TO PLEAD THE REQUISITE ELEMENTS OF A DISCRIMINATION CLAIM.

To establish a violation of the EPC "based on selective enforcement, a plaintiff must ordinarily show that: (1) the person, compared with others similarly situated, was selectively treated; and (2) such selective treatment was based on impermissible considerations

---

[3] New York law provides a variety of remedies to vindicate property rights. Courts in this Circuit have held that the common law causes of action for negligence, conversion, and replevin are sufficient avenues to recover lost property. See Dove v. City of New York, No. 99 Civ. 3020 (DC), 2000 U.S. Dist LEXIS 4053, at *1 (S.D.N.Y. Mar. 30, 2000).

such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." <u>Freedom Holdings, Inc. v. Spitzer</u>, 357 F.3d 205, 234 (2d Cir. 2004). Additionally, a plaintiff "must establish that such unequal treatment was the result of intentional and purposeful discrimination." <u>Chen v. City Univ. of New York</u>, 11 Civ. 0320 (CM), 2011 U.S. Dist. LEXIS 130094, at *17 (S.D.N.Y. Nov. 9, 2011).

Plaintiff conclusorily alleges that he was discriminated "based on the fact that [he] was the only victim sprayed." (<u>See</u> Compl. at p. 3; <u>see</u> <u>also</u> Pl. Letter at p. 3.) However, Plaintiff's allegation contains no facts to support the requisite elements of an EPC claim. For example, Plaintiff does not allege that other individuals were similarly situated or that any purported selective treatment was due to "impermissible considerations." <u>See</u> <u>Freedom Holdings, Inc</u>, 357 F.3d at 234. Thus, Plaintiff failed to satisfy the <u>Iqbal</u> and <u>Twombly</u> pleading standards and his purported discrimination claim must be dismissed.

### POINT III

**PLAINTIFF'S DEFAMATION OF CHARACTER CLAIM, AND ANY OTHER PURPORTED STATE LAW CLAIMS, FAIL BECAUSE PLAINTIFF FAILED TO SATISFY THE REQUISITE STATE LAW REQUIREMENTS.**

New York General Municipal Law requires a notice of claim to be served against the City prior to commencing an action in tort against the City or an employee. <u>See</u> N.Y. Gen. Mun. Law, § 50-i(1).

Here, Plaintiff conclusorily alleges a defamation of character claim. (<u>See</u> Pl. Letter at p. 3.) "Defamation is a state law cause of action and does not implicate the Constitution or other laws of the United States." <u>Moore v. Toulon</u>, No. 18-CV-05276 (JMA), 2019 U.S. Dist. LEXIS 30389, at *7 (E.D.N.Y. Feb. 22, 2019). Thus, Plaintiff must have filed a notice of claim

in accordance with New York State Municipal Law. However, upon information and belief, Plaintiff did not file a notice of claim concerning this incident, nor has Plaintiff pled that he filed a notice of claim. Thus, Plaintiff's defamation of character claim, and any other state law claims that may be read into the pleadings, fail because Plaintiff failed to satisfy the requisite state law requirements.

**POINT IV**

**PLAINTIFF'S UNLAWFUL SEARCH CLAIM FAILS BECAUSE PLAINTIFF DID NOT HAVE A REASONABLE EXPECTATION OF PRIVACY IN THE RESIDENCE SEARCHED AND THE SEARCH WAS LAWFULLY CONDUCTED PURSUANT TO A SEARCH WARRANT.**

To the extent that Plaintiff seeks to bring an unlawful search claim, Plaintiff's purported claim fails.

**A.    Plaintiff's Unlawful Search Claim Fails because Plaintiff Did Not Have a Reasonable Expectation of Privacy in the Residence Searched.**

To mount a successful Fourth Amendment challenge to a search, an individual "must demonstrate that he personally has an expectation of privacy in the place searched." Minnesota v. Carter, 525 U.S. 83, 88 (1998); see also United States v. Fields, 113 F.3d 313, 322 (2d Cir. 1997) ("The ultimate focus of Fourth Amendment analysis remains whether the defendant had a reasonable expectation of privacy in the place searched."). An individual must also show "that his expectation [of privacy] is reasonable, *i.e.* one that has a 'source outside the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society.'" Carter, 525 U.S. at 88 (quoting Rakas v. Illinois, 439 U.S. 128, 143 n.12 (1978)). A guest "who is merely present with the

consent of the householder may not" claim the protection of the Fourth Amendment. Davis v. Abrams, No. 13-CV-1405 (ARR), 2014 U.S. Dist. LEXIS 8742, at *23 (E.D.N.Y. Jan. 23, 2014) (citing Minnesota v. Carter, 525 U.S. 83, 90 (1998)).

Plaintiff alleges that on November 4, 2017, his "family's residence" was searched. (See Compl. at p. 1; see also Pl. Letter at pp. 1-2.) In addition, the arrest report related to Plaintiff's November 4, 2017 arrest shows that Plaintiff's address was not 413 Miller Avenue, and instead, was 48 West Clinton Avenue, Roosevelt, New York. (See Exhibit A.) Of note, and according to the Court's docket, Plaintiff still resides at 48 West Clinton Avenue. Thus, Plaintiff did not have a reasonable expectation of privacy at the residence because he did not reside there – Plaintiff was, if anything, a mere visitor. See Davis, No. 13-CV-1405 (ARR), 2014 U.S. Dist. LEXIS 8742, at *22 (dismissing plaintiffs' unlawful search claim when the plaintiffs "asserted no facts indicating that they had a reasonable expectation of privacy in [one of the plaintiff's] mother's apartment while visiting there" and "[t]here [was] nothing to indicate that they were more than mere visitors"); see also United States v. Russell, 501 F. App'x 67, 70 (2d Cir. 2012) (summary order) (finding defendant lacked standing to challenge search of his father's home because he did not "establish a personal expectation of privacy there"). Accordingly, Plaintiff does not have standing to bring the unlawful search claim and this claim must be dismissed.

**B.      Plaintiff's Unlawful Search Claim Fails because the Search was Lawfully Conducted Pursuant to a Search Warrant.**

Even if Plaintiff did have standing to bring an unlawful search claim, the Defendants were justified in entering 413 Miller Avenue because they possessed a search warrant.

In the case of searching a home, reasonableness requires that a search be conducted pursuant to a warrant or another exception. See Fleming v. Mattingly, No. 08-CV-

3074 (ARR), 2012 U.S. Dist. LEXIS 100596, at *12 (E.D.N.Y. July 6, 2012) (citing <u>Kyllo v.</u> <u>United States</u>, 533 U.S. 27, 31 (2001)). Where a search warrant has been issued by a neutral magistrate, there is a presumption that the warrant is valid. <u>See</u> <u>Franks v. Delaware</u>, 438 U.S. 154, 171 (1978); <u>see also</u> <u>United States v. Perez</u>, 247 F. Supp. 2d 459, 476 (S.D.N.Y. 2003).

Plaintiff alleges that the police entered 413 Miller Avenue pursuant to a search warrant. (<u>See</u> Compl. at p. 1.) Plaintiff makes no further allegations concerning the search warrant. (<u>See</u> <u>id</u>. and Pl. Letter.) Thus, the Defendants were justified in entering 413 Miller Avenue on November 4, 2017, and Plaintiff's unlawful search claim must be dismissed.

## POINT V

### PLAINTIFF'S FALSE ARREST CLAIM FAILS BECAUSE PLAINTIFF PLED GUILTY.

To the extent that Plaintiff seeks to bring a false arrest claim, Plaintiff's purported claim fails.

To state a claim for false arrest, a plaintiff must prove: (1) the defendant intended to confine him; (2) plaintiff was conscious of the confinement; (3) plaintiff did not consent to the confinement: and (4) the confinement was not otherwise privileged. <u>See</u> <u>Broughton v. State</u>, 37 N.Y.2d 451, 456 (1975).

In the Second Circuit, probable cause is a complete defense to a constitutional claim of false arrest. <u>Singer v. Fulton Cnty. Sheriff,</u> 63 F.3d 110, 118 (2d Cir. 1995). Accordingly, "[t]he existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." <u>Weyant v. Okst</u>, 101 F.3d 845, 852 (2d Cir. 1996) (internal citations omitted).

The Second Circuit has held that a guilty plea or conviction is conclusive evidence of probable cause. <u>See</u> <u>Rush v. Astacio</u>, No. 97-2661, 1998 U.S. App. LEXIS 18588, at

14

*2 (2d Cir. July 31, 1998); Weyant, 101 F.3d at 852; Cameron, 806 F.2d at 387. Thus, a plaintiff's claim for false arrest fails when the plaintiff has been convicted or pleads guilty since a conviction establishes probable cause. See Soliman v. City of New York, 15-CV-5310 (PKC) (RER), 2017 U.S. Dist. LEXIS 50599, at *40 (E.D.N.Y. March 31, 2017) ("Plaintiffs' claims of false arrest are precluded because their entry of a guilty plea constitutes a criminal conviction, which, in turn, creates an irrebuttable presumption of probable cause to arrest for purposes of a false arrest claim."); McLennon v. City of New York, 171 F. Supp. 3d 69, 88 (E.D.N.Y. 2016); Hayes v. County of Sullivan, 853 F. Supp. 2d 400, 427 (S.D.N.Y. 2012) ("Plaintiff's claim that he was arrested without probable cause is also precluded as a matter of law by his guilty plea."); Roundtree v. New York, 778 F. Supp 614, 619-20 (E.D.N.Y. 1991) (dismissing false arrest claim where plaintiff was arrested for possession of cocaine and pleaded guilty to a lesser offense of disorderly conduct).

Here, Plaintiff cannot plead the required elements of a false arrest claim because Plaintiff's guilty plea creates an irrebuttable presumption of probable cause to arrest for purposes of a false arrest claim. See Tretola v. County of Nassau, 14 F. Supp. 3d 58, 68-69 (E.D.N.Y. 2014) ("[A] guilty plea, even if to a lesser included offense under a charged violation, is fatal to a false arrest claim."). Thus, Plaintiff's false arrest claim must be dismissed.

## POINT VI

**PLAINTIFF'S MALICIOUS PROSECUTION CLAIM FAILS BECAUSE PLAINTIFF HAS NOT PLED THAT THERE WAS NO PROBABLE CAUSE TO PROSECUTE PLAINTIFF, THE CRIMINAL CHARGES AGAINST PLAINTIFF WERE NOT TERMINATED IN HIS FAVOR, AND PLAINTIFF HAS NOT PLED THAT AN OFFICER PROSECUTED PLAINTIFF WITH MALICE.**

To the extent that Plaintiff seeks to bring a malicious prosecution claim, Plaintiff's purported claim fails.

To establish a § 1983 claim for malicious prosecution, a plaintiff must prove that: (1) the defendant initiated the prosecution against the plaintiff; (2) the defendant lacked probable cause to believe the proceeding could succeed; (3) the defendant acted with malice; (4) the prosecution terminated in the plaintiff's favor; and (5) there was a post-arraignment deprivation of liberty sufficient to implicate the plaintiff's Fourth Amendment rights. See Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003).

### A.    Plaintiff's Malicious Prosecution Claim Should be Dismissed Because Plaintiff Has Not Alleged a Lack of Probable Cause to Prosecute Plaintiff.

"[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York . . . ." Manganiello v. City of New York, 612 F.3d 149, 161-62 (2d Cir. 2010) (first alteration in original) (quoting Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003)) (internal quotation marks omitted). When evaluating whether there was probable cause to initiate a prosecution, the Court must evaluate the information that existed at the time when the prosecution was initiated. See Rounsville v. Zahl, 13 F.3d 625, 630 (2d Cir. 1994). "Probable cause does not require a 'certitude' that a crime has been committed by a suspect. Rather, a malicious prosecution connotes a decision to proceed maliciously with the prosecution

16

of an individual where probable cause is clearly lacking." <u>Brown v. New York</u>, 459 N.Y.S.2d 589, 591 (1st Dep't 1983). "If probable cause existed at the time of arrest, it continues to exist at the time of prosecution unless undermined by the discovery of some intervening fact." <u>Johnson v. Constantellis</u>, 221 Fed. Appx. 48, 50 (2d Cir. 2007) (internal quotations omitted).

Here, Plaintiff fails to allege that the Defendants lacked probable cause to prosecute Plaintiff. (<u>See</u> Compl. and Pl. Letter.) Instead, Plaintiff merely stated that upon being searched by an officer, there were "negative" findings. (<u>See</u> Compl. at p. 2.) Accordingly, Plaintiff's purported malicious prosecution claim fails to comply with the pleading standards of <u>Iqbal</u> and <u>Twombly</u> and, thus, should be dismissed.

**B.      Plaintiff's Malicious Prosecution Claim Should be Dismissed Because the Criminal Charges Against Plaintiff Were Not Terminated in Plaintiff's Favor.**

Plaintiff's purported malicious prosecution claim also fails because the criminal charges against Plaintiff did not result in a favorable termination. In <u>Lanning v. City of Glens Falls</u>, the Second Circuit held that to establish a favorable termination, plaintiffs must set forth "affirmative indications of innocence." 908 F.3d 25 (2d Cir. 2018). In other words, the "question of guilt or innocence" cannot have been left "unanswered." <u>Id.</u> at 28-29. Proof that the "'prosecution terminated in some manner indicating that the person was not guilty of the offense charged' is 'essential.'" <u>Stora v. City of New York</u>, No. 16-CV-4541 (ERK), 2019 WL 1746955, 2019 U.S. Dist. LEXIS 66638, at *14 (E.D.N.Y. Apr. 18, 2019) (citing <u>Singleton v. City of New York</u>, 632 F.2d 185, 193 (2d Cir. 1980)).

Here, Plaintiff alleges that the District Attorney refused to prosecute him. (<u>See</u> Compl. at p. 2.) However, as evidenced by the associated Certificate of Disposition, Plaintiff pled guilty to a charge stemming from his November 4, 2017 arrest. (<u>See</u> Exhibit B.) Thus, Plaintiff cannot prove a favorable termination of any of the charges brought against him as a

result of his November 4, 2017 arrest because Plaintiff cannot submit proof that the "'prosecution terminated in some manner indicating that [he] was not guilty of the offense charged,'" which, is "'essential.'" Stora, 2019 WL 1746955, 2019 U.S. Dist. LEXIS 66638, at *14 (citing Singleton, 632 F.2d at 193). In other words, Plaintiff cannot submit proof to indicate "affirmative indications of innocence." See Lanning, 908 F.3d at 28. Accordingly, Plaintiff's malicious prosecution claim fails and must be dismissed.

**C.      Plaintiff's Malicious Prosecution Claim Should be Dismissed Because Plaintiff Failed to Plead that the Officers Prosecuted Plaintiff with Malice.**

Plaintiff pleads no facts to suggest how the defendants maliciously prosecuted him. (See Compl. and Pl. Letter.)

It is well-settled that "[o]nly where probable cause to initiate a proceeding is . . . totally lacking may malice be reasonably inferred." Wilson v. McMullen, 07-CV-948 (SLT), 2010 U.S. Dist. LEXIS 32335, at *18 (E.D.N.Y. Mar 30, 2010) (citation omitted); accord Sulkowska v. City of New York, 129 F. Supp. 2d 274, 295 (S.D.N.Y. 2001). Further, "allegations of malice [that] are conclusory labels . . . not supported by factual allegations" are insufficient to allege the element of malice. Weaver v. City of New York, No. 09-CV-10262 (PKC), 2011 U.S. Dist. LEXIS 121322, at *20 (S.D.N.Y. Oct. 18, 2011) (finding independent basis to dismiss malicious prosecution claim where plaintiff proffered only conclusory allegations of malice).

Plaintiff makes no allegation that the defendants acted with malice when prosecuting Plaintiff. (See Compl.; see also Pl. Letter.) For example, Plaintiff does not allege that probable cause for his prosecution was "totally lacking," or that the defendants initiated Plaintiff's criminal prosecution "due to a wrong or improper motive." See Wilson, 2010 U.S. Dist. LEXIS 32335, at *18; see also Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir.

1996). Instead, Plaintiff merely alleged that he was issued a desk appearance ticket and that the District Attorney refused to prosecute him. (See Compl. at p. 2.) Thus, Plaintiff failed to plead the necessary element of malice, and Plaintiff's purported malicious prosecution claim must be dismissed. See Mitchell v. County of Nassau, 786 F. Supp. 2d 545, 562-63 (E.D.N.Y. 2011) (dismissing malicious prosecution where, among other things, "plaintiff has provided no evidence from which a reasonable jury could find malice"); see also Mitchell v. City of New York, 841 F.3d 72, 79-80 (2d Cir. 2016) (affirming dismissal of malicious prosecution claim where plaintiff "ha[d] not alleged or proffered any facts that the DAT was issued with malice").

Thus, Plaintiff's malicious prosecution claim fails because Plaintiff failed to plead all of the requisite elements.

## **CONCLUSION**

For the foregoing reasons, defendants NYPD Sgt. Anghel, NYPD Det. Brown, NYPD Det. Castellano, NYPD Det. Chiusano, NYPD Det. Goddard, Mr. Gorham, NYPD Det. Hawkins, NYPD Det. Molinski, NYPD Det. Morel, NYPD Det. Seder, and NYPD Det. Seiger respectfully request that the Court grant their motion to dismiss all of the Plaintiff's claims, except for Plaintiff's federal excessive force claim against Det. Brown, with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:     New York, New York
              January 17, 2020

                               JAMES E. JOHNSON
                               Corporation Counsel of the City of New York
                               *Attorney for Defendants Hawkins, Anghel, Brown,*
                               *Castellano, Chiusano, Goddard, Gorham, Molinski,*
                               *Morel, Seder, and Seiger*

               By:        _____
                               Nicolette Pellegrino
                               *Assistant Corporation Counsel*
                               Special Federal Litigation Division
                               100 Church Street, Room 3-179
                               New York, New York 10007
                               (212) 356-2338

CC:    VIA FIRST CLASS MAIL
       Mr. Darin Poole
       1390 5th Avenue
       Apartment 8H
       New York, New York 10026[4]

---

[4] Defendants are mailing the January 17, 2020 Memorandum of Law in Support of the Defendants' Partial Motion to Dismiss the Complaint to Plaintiff at 1390 5th Avenue, Apartment 8H, New York, New York 10026, at the Plaintiff's request.