

**JAMES E. JOHNSON**
*Corporation Counsel*

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**NICOLETTE PELLEGRINO**
*Assistant Corporation Counsel*
Phone: (212) 356-2338
Fax: (212) 356-3509
Email: npellegr@law.nyc.gov

April 28, 2020

VIA E.C.F.
Honorable Margo K. Brodie
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Darin Poole v. John Doe Police Officers,
                 18-CV-0443 (MKB) (RER)

Your Honor:

       I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing defendant New York City Police Department ("NYPD") Sergeant Alexandru Anghel, NYPD Detective Kelly Brown, NYPD Detective Rene Castellano, NYPD Detective Thomas Chiusano, NYPD Detective Jamar Goddard, Mr. Garret Gorham, NYPD Detective Jason Hawkins, NYPD Detective Daniel Molinski, NYPD Detective Jorge Morel, NYPD Detective James Seder, and NYPD Detective Michael Seiger (collectively, "Defendants") in the above referenced matter. The Defendants write to (i) respectfully request that the Court disregard Plaintiff's April 24, 2020 letter requesting that the Court deny the Defendants' partial motion to dismiss as it is untimely and duplicative and (ii) respectfully request that the Court deny Plaintiff's request for a settlement conference at this time.

**I.    Relevant Procedural Background**

       On December 17, 2019, the Court set a briefing schedule for the Defendants' anticipated partial motion to dismiss. (See Dec. 17, 2019 Dkt. Entry.) In accordance with the Court's Briefing Schedule, the Defendants served their partial motion to dismiss on Plaintiff on January 17, 2020. (See Dkt. No. 34.) On February 3, 2020, the Plaintiff filed his opposition. (See Dkt. No. 35.)

On February 18, 2020,[1] Plaintiff filed a letter with the Court to, among other things, request "a notice of appearance on all defendants." (Dkt. No. 37.) On February 20, 2020, the Court *sua sponte* denied the Plaintiff's request, stating that "[t]he Court will decide Defendants' motion on the papers and there is no appearance scheduled in this case." (See Feb. 20, 2020 Dkt. Entry.)

On March 12, 2020, the Defendants filed all of their motion papers concerning their partial motion to dismiss. (See Dkt. Nos. 38-44.)

On April 24, 2020, the Plaintiff filed a letter, which, in sum, asked the Court to dismiss the Defendants' "support of" their partial motion to dismiss and sought a settlement conference. (See Dkt. No. 46.)[2] Specifically, Plaintiff requests "that all support of the Defendants['] partial motion to dismiss be denied based on" his assertions that: (a) he was not guilty, even though he pled guilty because his attorney allegedly told him that "the case would be over" and Plaintiff "wouldn't have to come back" for court appearances; (b) Plaintiff "was the only one who was sprayed and embarrassed" so he "feel[s] that [his] character was [ ] defamed"; (c) he was discriminated against because he was allegedly the only one sprayed; (d) he is allegedly "losing [his] sight"; (e) the "police *were* authorize[d] to search" the residence; and (f) the officers allegedly destroyed the Plaintiff's "DJ equipment," "classic disco vinyl records," "CD classics," "destroy[ed] the house," and "personal property." (See id. at pp. 1-3) (emphasis added).

## II. The Court Should Disregard the Arguments in Plaintiff's April 24, 2020 Letter

As an initial matter, the Plaintiff was already afforded an opportunity to oppose the Defendants' motion to dismiss, which he did on February 3, 2020. (See Dkt. No. 35.) The Defendants respectfully contend that the Plaintiff should not be afforded an additional opportunity to oppose the Defendants' motion to dismiss.

In the event that the Court does consider the arguments in Plaintiff's April 24, 2020 letter, the Defendants respectfully note that all of the Plaintiff's assertions are duplicative of his February 3, 2020 Opposition. (See Dkt. Nos. 35 and 46.) Thus, the Defendants have already addressed the Plaintiff's assertions in their March 12, 2020 Reply, and respectfully refer the Court to its contents. (See Dkt. No. 43.)[3] In sum, for the reasons outlined in the Defendants' initial and reply memoranda of law, the Defendants respectfully request that the Court grant their motion to dismiss all of the Plaintiff's claims, except for Plaintiff s federal excessive force claim

---

[1] Plaintiff dated his letter January 24, 2020. However, Plaintiff's letter was not filed on the docket until February 19, 2020. (See Dkt. Entry No. 37.) Thus, the undersigned did not receive Plaintiff's letter until February 19, 2020.

[2] Though Plaintiff's letter was received by the *Pro Se* Office on April 24, 2020, Plaintiff dated his letter March 24, 2020. (See Dkt. No. 46.) However, Plaintiff's letter was not filed on the docket until April 27, 2020. (See id.) Thus, the undersigned did not receive Plaintiff's letter until April 27, 2020.

[3] The Defendants have not addressed the Plaintiff's assertions related to his alleged injuries stemming from the alleged excessive force because at this time, the Defendants are not moving to dismiss the Plaintiff's excessive force claim.

against Det. Brown,[4] with prejudice, together with such other and further relief as the Court deems just and proper.

Next, regarding the Plaintiff's request for a settlement conference, Plaintiff has already requested that the parties appear before the Court and the Court has already denied the Plaintiff's request. (See Dkt. No. 37 and Feb. 20, 2020 Dkt. Entry.) In addition, the Defendants contend that it would be both premature and a waste of the Court's and the parties' time and resources to participate in a settlement conference before the Court renders a decision on the Defendants' partial motion to dismiss. Furthermore, the Defendants note that despite the Defendants receiving the Plaintiff's executed HIPAA releases on or around February 5, 2020, due to the current Coronavirus pandemic, defense counsel has not yet received any copies of the Plaintiff's medical records and, thus, is unable to evaluate the Plaintiff's alleged excessive force claim for settlement purposes. Accordingly, the Defendants respectfully request that the Court deny the Plaintiff's request for a settlement conference at this time.

The Defendants thank the Court for its consideration.

Respectfully submitted,

/s/ *Nicolette Pellegrino*
Nicolette Pellegrino
*Assistant Corporation Counsel*
Special Federal Litigation Division

CC:   VIA FIRST CLASS MAIL[5]
      Mr. Darin Poole
      32 Lewis Street
      Naugatuck, Connecticut 06770

---

[4] Of note, in their December 13, 2019 Pre-Motion Conference Letter, the Defendants informed the Court and Plaintiff that, although the Office of the Corporation Counsel identified Det. Brown as the Animal Control officer in its January 10, 2019 Letter and noted that the Animal Control officer would be equipped with a fire extinguisher, after additional investigation into this incident, it appears that two other officers possibly could have been equipped with a fire extinguisher on November 4, 2017. (See Dkt. No. 33.) In addition, the Defendants requested that Plaintiff be directed to provide details concerning the physical characteristics of the "John Doe" officer who allegedly sprayed Plaintiff in order to correctly identify the proper "John Doe" officer. See id. As of April 28, 2020, Plaintiff has not provided any additional details concerning the "John Doe" officer. Notwithstanding, as argued by the Defendants, all of the Plaintiff's claims should be dismissed except for the federal excessive force claim. Thus, this case should only proceed against one defendant (*i.e.*, the defendant who allegedly used excessive force).

[5] Due to the current Coronavirus pandemic, defense counsel has been directed to work from home. Thus, the Defendants are unable to print and mail a copy of their instant letter to Plaintiff. Defense counsel notes that she tried to contact Plaintiff by telephone on multiple occasions to seek his consent for electronic service, however, has been unable to reach him. Accordingly, the Defendants will provide a copy of their instant letter to Plaintiff as soon as practicable.